UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAYLOR MEDIA CORP., D/B/A THE
PENNY HOARDER,

    Plaintiff,

v.                              CASE NO. 8:19-CV-01174-WFJ-SPF

FLUENT, INC., FLUENT, LLC, and
SEA OF SAVINGS LLC a/k/a SEA OF
SAVINGS, LLC,

    Defendants.
_____/

**DEFENDANTS' MOTION TO STRIKE UNREGISTERED COPYRIGHT
ALLEGATIONS AS "IMMATERIAL" UNDER FED. R. CIV. P. 12(f)**

Defendants FLUENT, INC., FLUENT, LLC and SEA OF SAVINGS, LLC ("Defendants"), by and through undersigned counsel move this Court pursuant to Fed. R. Civ. P. 12(f) for an Order striking allegations Nos. 58 through 76 of the Complaint (Doc. 1) and Exhibits 4 through 8 appended to the Complaint as immaterial to this action for the reasons set forth in the following Memorandum of Law.

**MEMORANDUM OF LAW**

In Counts I through III of its Complaint, Plaintiff purports to state claims for copyright infringement of nine works in which Plaintiff has secured copyright registration. Simultaneously with this Motion, Defendants have moved to dismiss these claims along with the balance of the Complaint pursuant to Fed. R. Civ. P. 12(f).  If Defendants' Motion to Dismiss is granted in whole, this Motion to Strike is moot.

Beginning at Paragraph 58 of the Complaint and continuing through Paragraph 76 of the Complaint, Plaintiff makes allegations regarding five (5) articles for which Plaintiff has ***not*** secured copyright registrations. Copies of these unregistered works along with works of the Defendants that Plaintiff contends have copied these registered works are attached to the Complaint as Exs. 4-8.

Rule 12(f), Fed. R. Civ. P. allows the Court to strike from a pleading any matter that is "redundant, immaterial, impertinent or scandalous." "The Court has broad discretion in determining whether to grant or deny a motion to strike." *Slone v. Judd,* 2010 WL 11627542 *1 (M.D. Fla. 2010). "The purpose of Rule 12(f) is to 'clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters.'" *Wood v. Ford Motor Company,* 2015 WL 5965202 *1 (M.D. Fla. 2015)(quoting *Wiand v. Wells Fargo Bank, N.A.,* 938 F.Supp.2d 1238, 1250 (M.D. Fla. 2013). Recognizing that striking allegations under Rule 12(f) is a drastic remedy, *see Hill v. State Farm Insurance Co.,* 181 F. Supp.2d 980, 988 (M.D. Fla. 2016), these allegations related to Plaintiff's unregistered works and the corresponding exhibits should be stricken as "immaterial" since the allegations can have no legitimate relation to the copyright infringement allegations and to permit these immaterial allegations to remain will prejudice Defendants by inserting confusion into this proceeding over what works are and which are not pertinent to the claims of copyright infringement properly before this Court.

Section 411(a) states that "no civil action for infringement of the copyright in any United States work shall be instituted until ... registration of the copyright claim has been made in accordance with this title." 17 U.S.C. §411(a). Thus, § 411(a) bars a copyright owner from suing for infringement until "registration ... has been made." Quite recently, the Supreme Court emphasized this pre-requisite to bringing a copyright infringement lawsuit in *Fourth Estate Public*

*Benefit Corporation v. Wall-Street.com, LLC,* 139 S.Ct. 881, 203 L.Ed.2d 147 (2019) where the Court held that the pre-requisite of registration under § 411(a) is not satisfied when the plaintiff merely submits an application for registration to the U.S. Copyright Office; rather, the U.S. Copyright Office must actually issue the registration before an infringement action can be commenced.

In Paragraph 58 through 76, Plaintiff concedes that it has not secured registrations for these works. Indeed, by Plaintiff's own nomenclature, the works are "unregistered." If these works are "unregistered" they cannot support any claim for copyright infringement. Hence, they are immaterial to whether Plaintiff's claims of infringement of works for which copyright registrations have been secured might be meritorious. *See Wood v. Ford Motor Company,* at *1 & *2 (in case involving defect claims as to Ford Focus model, allegations regarding other Ford models stricken inasmuch as they are unrelated to the controversy and may cause prejudice to Ford).

To permit allegations such as these which cannot legally support any copyright infringement claim is to clutter an already lengthy and unduly complicated Complaint of 54 pages and 253 paragraphs of "immaterial" matters. To do so is in direct contravention of Rule 8(a)(2)'s mandate that a pleading only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." These allegations and corresponding exhibits further prejudice Defendants insofar as it violates Rule 1's mantra that the Federal Rules of Civil Procedure be administered and employed to "secure the just, speedy, and inexpensive determination" of the action. If permitted to stand, Defendants will have to address in discovery and potentially at trial matters completely immaterial to any legitimate copyright infringement claim. *See also* 28 U.S.C. §1927 (sanctioning conduct that "so multiplies the proceeding in any case unreasonably and vexatiously.")

## CONCLUSION

For the forgoing reasons, Defendants request an Order striking allegations Nos. 58 through 76 and Exhibits 4 through 8 of the Complaint.

## LOCAL RULE 3.01(g) CERTIFICATE

Undersigned counsel has communicated with Plaintiff's counsel who does not consent to the relief requested in this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of June, 2019, the foregoing was electronically filed with the Clerk of Court, who will send an electronic copy to counsel for Plaintiff.

>/s/ *Frank R. Jakes*
>FRANK R. JAKES, FBN 372226
>E-Mail: frankj@jpfirm.com
>JOSEPH J. WEISSMAN, FBN 0041424
>E-Mail: josephw@jpfirm.com
>JOHNSON, POPE, BOKOR, RUPPEL & BURNS, LLP
>401 E. Jackson Street, Suite 3100
>Tampa, FL 33602
>Tel: (813) 225-2500
>Fax: (813) 223-7118

5603317