**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TAYLOR MEDIA CORP. D/B/A THE
PENNY HOARDER,

    Plaintiff.                                     CASE NO.: 8:19-cv-01174-WFJ-SPF

v.

FLUENT, INC., FLUENT, LLC AND SEA
OF SAVINGS LLC a/k/a SEA OF
SAVINGS, LLC,

    Defendants
_____/

**JOINT MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING
ORDER IN LIGHT OF COVID-19 PRECAUTIONARY MEASURES**

      Plaintiff Taylor Media Corp. d/b/a The Penny Hoarder and Defendants Fluent, Inc., Fluent, LLC and Sea of Savings, LLC ("Defendants"), by and through their undersigned counsel, jointly move this Court for good cause shown pursuant to Rule 16(b)(4), Fed.R.Civ.P., to modify the Court's July 17, 2019 Case Management and Scheduling Order ("CMSO") as set forth below. The parties request this relief to address the disruptions, particularly in the conducting of depositions, resulting from the COVID-19 precautionary measures being established by federal, state and local governments and the voluntary measures being undertaken by counsel, employers and individuals consistent with governmental advice and Center for Disease Control ("CDC") guidelines.

**I.    BACKGROUND**

      In accordance with this Court's CMSO, the parties have been diligently conducting discovery with a view toward completion by the established July 10, 2020 cut-off. Each party has served extensive Requests to Produce under Fed.R.Civ.P. 34, Interrogatories under

Fed.R.Civ.P. 33 and, in the case of Defendants, Requests for Admissions under Fed.R.Civ.P. 36. Responses to this written discovery have been served, save for Defendants' Pending Second Request for Production served February 27, 2020 for which a response is not yet due. The parties have exchanged many documents.

On March 4-5, 2020, Plaintiff conducted the first oral depositions in this case – three depositions of Defendants' current and former employees. Defendants scheduled depositions of Plaintiff's employees who authored some of the allegedly infringed articles for next week in the D.C. area and St. Petersburg, Florida. Plaintiff also coordinated and noticed five (5) depositions of Defendants' current and former employees in New York City, over two separate weeks in April, 2020.

## II. THE PRACTICAL OBSTACLES PRESENTED BY THE COVID-19 PANDEMIC

Shortly following the conclusion of the initial set of depositions at the beginning of March, the circumstances surrounding the COVID-19 virus epidemic escalated precipitously. At present, there is a ban on most international air travel. The CDC and federal government strongly caution against discretionary domestic air travel. The federal government is considering a domestic air travel ban. New York City has been hit particularly hard and is the subject of numerous containment measures. Many employers, including Defendants' counsel's law firm, have established voluntary restrictions directing that employees not engage in any business airline travel.

Governmental restrictions regarding group activities have tightened from prohibitions of events of 1000 people to 100 and now, pursuant to federal precautionary guidelines, no more than 10 people. Many cities and local governments are imposing shelter-in-place orders. One such order has been announced for New York City. Already, most cities have ordered restaurants closed to non-takeout customers.

Simply stated, the efforts to diminish the infection rate of COVID-19 in the United States are evolving in a manner that restricts the ability of counsel to conduct crucial aspects of discovery, particularly depositions in different parts of the country. Even if counsel disregarded governmental and firm guidelines and flew to these out-of-state depositions, counsel would be faced with difficult conditions that risk the health of numerous individuals and with a possible inability to return due to evolving local restrictive orders. The use of video technology – while a boon – does not lessen the problem for the witnesses or court reporters who may be under a shelter-in-place directive or may simply wish to engage in societally-beneficial social-distancing efforts. The inability to take these and other depositions also inhibits the ability of counsel to discover facts that would lead to additional written discovery.

Presently, the prognosis for the future of the impact and timeline of the COVID-19 pandemic is unknown.

## III.   GOOD CAUSE EXISTS TO MODIFY THE CMSO

The Parties jointly submit that the impact of the COVID-19 pandemic constitutes good cause warranting the modification of the CMSO. While no one knows when this public health crisis will abate, nothing is likely to be evident until late April, at the earliest. Even then, under the best-case scenario, we might know whether the inflection point for new infections has been reached. The problems could continue for some time thereafter.

Accordingly, the Parties believe that a modification to the deadlines in the CMSO for a period of at least ninety (90) days is appropriate. If obstacles to conducting depositions and other discovery persist at that time, the Parties reserve the right to address those circumstances at that time. Thus, the Parties request that the operative case schedule be modified for now as follows:

| Event | Current Date | Requested Date |
|---|---|---|
| Third Party Joinder/Amend Pleading | September 20, 2019 | No change |
| Plaintiff Expert Disclosure | May 11, 2020 | August 11, 2020 |
| Defendant Expert Disclosure | June 10, 2020 | September 10, 2020 |
| Discovery Cut-Off | July 10, 2020 | October 10, 2020 |
| Mediator Selection/Scheduling | June 22, 2020 | By September 22, 2020 |
| Conduct Mediation | July 21, 2020 | By October 23, 2020 |
| Dispositive Motion filing | August 7, 2020 | November 6, 2020 |
| Pretrial Statement | December 3, 2020 | March 3, 2021 |
| Trial | Docket commencing January 4, 2021 | Docket commencing April 5, 2021 |

### IV. CONCLUSION

For the foregoing reasons, the Parties jointly request the modification of the CSMO in this action for a minimum of 90 days as set forth above due to good cause shown as a consequence from the COVID-19 pandemic.

| | |
|---|---|
| /s/ Jeffrey P. Lieser<br>JEFFREY P. LIESER, FBN 29164<br>Email: jeff@lieserskaff.com<br>LIESER SKAFF ALEXANDER PLLC<br>403 N. Howard Avenue<br>Tampa, FL  33606<br>Tel:  (813) 280-1256<br>Fax: (813) 251-8715<br>Co-Counsel for Plaintiff<br><br>/s/ Woodrow H. Pollack<br>WOODROW H. POLLACK, FBN 026802<br>E-Mail:  wpollack@shutts.com<br>4301 W. Boy Scout Blvd. #300<br>Tampa, FL  33607<br>Tel:  (813) 229-8901<br>Trial Counsel for Plaintiff | /s/ Frank R. Jakes<br>Frank R. Jakes, FBN 372226<br>E-Mail: frankj@jpfirm.com<br>Joseph J. Weissman, FBN 0041424<br>E-Mail josephw@jpfirm.com<br>JOHNSON, POPE, BOKOR, RUPPEL<br>& BURNS, LLP<br>401 E. Jackson Street, Suite 3100<br>Tampa, FL 33602<br>Tel: (813) 225-2500<br>Fax: (813) 223-7118<br>Counsel for Defendants |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 24, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel for Plaintiff.

/s/ Frank R. Jakes
Frank R. Jakes, FBN 372226
E-Mail: frankj@jpfirm.com
Joseph J. Weissman, FBN 0041424
E-Mail josephw@jpfirm.com
JOHNSON, POPE, BOKOR, RUPPEL
& BURNS, LLP
401 E. Jackson Street, Suite 3100
Tampa, FL 33602
Tel: (813) 225-2500
Fax: (813) 223-7118
Counsel for Defendants